Birchard, J.
This suit was instituted under the 43d section of the act of 1831, (3 Chase’s Stat. 1784,) and the question is, can a joint action be sustained against all of the defendants ? It is a general rule, that where there is no joint liability, there can be no joint action.
At common law, this action could not be prosecuted with effect. If it can be done under the statute, it must be because the statute will bear no other construction; for it is manifest that to make one of several heirs liable to an amount equal to *340 an that had descended from his ancestor to a number óf heirs, simply because he had received a sniaH'portion of that anees-' tor’s estate, would be unjust. The proposition is one at which-the mind instinctively revolts. ' _ - .
In a case where a prudent child, after the, settlement of the, estate, takes asmall legacy, say of one hdndred .dollars, and the bulk of the estate is distributed to other- legatees, to a large-amount, who squander it, it would be.hard indeed if a-creditor, who has slept on his right for five years, could afterwards come into-Court with- a, debt sufficient to -sweép.'the-whole estate of. the decedent, and-make .the-prudent legatee’‘responsible for moneys which have bee'n-squandered by the'improvident, and over which he had no control, A-majority of .the Court held, that the Legislature never Intended stich a result;, and,-if. it were necessary, would, unhesitatingly declare that; .if they did intend it, they.,had-not- the capacity of Accomplishing such intention. . The .constitution of, the .State,=as well as- principles-of' natural justice, have interposed insurmountable obstacles.,
These several'; defendants, each in'his- own right, and in severalty, as- heir,'-took whateverwas paid to 'them' by tli'e ;administrador, on the settlement of their ancestor’s estate. Haying so taken,, they canñót be subjected to respond to-any-.creditor of the.’deceased ancestor,, in any form'of a’ction, to an amount beyond what each received.. The 43d section of the statute, by implication, makes that the. extent of the- liability.. But if. this form of action can be resorted to; and a' joint action -can be.máintained.against all the heirs of an estate, or all'the legatees of a- testator; a-joint judgment must bind’all, and each must become-subject to, the' entire payment... T hesitate not-to sav, that the doctrine which will produce'-such a. result is. so monstrous, that it is impossible tó suppose that it lurks' among the enactments of the statute.
Tt is. claimed that it is to be- found in these'words:" “But ■ ‘ Such heirs -or. devisees'shall remain liable to the full extent’of' c the assets, by .them received from the estafe of their ancestor-. 1 or devisor, for the payment of all claims.against.the'estate of--. *341 £ such ancestor or devisor; and any writ which could .be brought £ and sustained against such ancestor or devisor, were he alive, ° . / '£ may be brought and sustained against such heirs and devisees, ‘ after, the executor or administrator of the ancestor or devisor ‘ shall' have made final settlement with the Court, until the asaseis so received by such heirs or devise'es shall be exhausted.”
The first and all important rule to be regarded in construing", a statute, is to have respect to its spirit rather than its letter. Manifestly the framer's of this section ,did not contemplate a violation of the plain rules-of natural justice.' They did not design to give to creditors the right to subject an heir, in any case, to an amount beyond the value ,of the (assets which that heir had received.. , The intent must be borne in mind in giving a construction to’their language; and if, literally ta^en that intent will be defeated, the words of the section must.be departed from., --We have before seen that a joint liability can. not arise from a separate receipt of property, and that a joint action cannot' be permitted when there1 is no joint liability; without subjecting the solvent to the payment of the debts of the improvidént, and that this, cannot be consistently with justice. The very right of the wholé matter would be., to subject each heir to the payment of the ancestor’s debts to the amount of the assets that may have come to his hands; This was. all that the statuté.'meant. Tins could be dope by a separate suit against each; and therefore separate suits; are the- only suits provided for. where there has been no joint reception of the assets. The demurrer was, therefore, well taken .to the first and second counts of'the declaration; and had it been limited to those counts,'there would have been no error,in sustaining it. .The third count is the usual common count for money had and received, &c. To this count the demurrer was not well taken. It furnished no defence. Assuming to answer the whole declaration, and being insufficient'as to a part, it should have been overruled. The Court of Common Pleas in not over- . ruling it erred, and for that error their judgment' must be .reversed, » . •